O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 09-0460 PSG (FFMx) | Date | May 10, 2010 |
|---|---|---|---|
| Title | John W. Williams v. Warden F. B. Haws *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):          Attorneys Present for Defendant(s):

Not Present                                               Not Present

**Proceedings:**     **(In Chambers) Order Denying Plaintiff's *Ex Parte* Request for Order Prohibiting Plaintiff's Housing in Uncivilized Living Conditions**

Pending before the Court is Plaintiff's *ex parte* Request for Order Prohibiting Plaintiff's Housing in Uncivilized Living Conditions. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. The Court DENIES Plaintiff's request.

I.     Background

On January 26, 2010, Plaintiff John Wesley Williams ("Plaintiff"), an inmate at Kern Valley State Prison ("Kern Valley"), filed a civil rights complaint against employees of the prison for alleged constitutional violations. On April 5, 2010, Plaintiff's case was referred to the Prisoner Settlement Program, and settlement proceedings are scheduled to take place at Richard J. Donovan State Correctional Facility ("RJD") in San Diego, California. *See* Dkt. #49. Plaintiff has learned that he will be housed in RJD's administrative segregation housing unit on an "out to court" basis due to RJD's lower custody level. *See App.* 3:9-15. On April 21, 2010, Plaintiff filed an *ex parte* Request for Order Prohibiting Plaintiff's Housing in Uncivilized Living Conditions. As Plaintiff's request seeks emergency injunctive relief, the Court evaluates the request under the standards governing temporary restraining orders.

II.    Legal Standard

An application for a temporary restraining order must satisfy the same legal standard governing the issuance of a preliminary injunction. *See Cal. Indep. Sys. Operator Corp. v.*

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-0460 PSG (FFMx) | Date | May 10, 2010 |
|---|---|---|---|
| Title | John W. Williams v. Warden F. B. Haws *et al.* | | |

*Reliant Energy Servs., Inc.*, 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001).  Accordingly, a party seeking a temporary restraining order must establish each of the following elements: (1) a likelihood of success on the merits, (2) a likelihood of irreparable injury to the plaintiff if injunctive relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) an advancement of the public interest.  *See Winter v. Natural Res. Def. Council*, —U.S.—, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008) (citation omitted).

III.   Discussion

Plaintiff asks the Court to ensure that RJD will provide "civilized standards of decency" and access to adequate mental health care.  *See App.* 3:16-21 (citing *Rhodes v. Chapman*, 452 U.S. 337, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981)).  Plaintiff alleges that RJD neglects the welfare of "out to court" prisoners:

> This is so because upon information and belief, prisoners[] on 'out to court status' are *often* subjected to the deprivation of civilized measures, for state facilities housing 'out to court' prisoners[] have a *tendency* to neglect the welfare of 'out to court' inmates because officials are well aware that the housing of 'out to court' prisoners[] are only temporary.

*Id.* 3:22-27 (emphasis added).  Plaintiff is concerned that the anticipated deprivation will exacerbate Plaintiff's existing mental health issues.  *See id.* at 4:1-8.

The Court, however, denies the request because Plaintiff fails to demonstrate a likelihood of irreparable injury, which is required for the Court to grant a temporary restraining order.  *See Winter*, 129 S. Ct. at 374.  Plaintiff does not provide any evidence that RJD fails to provide adequate housing to its "out to court" population, and Plaintiff's concern is based on an alleged "tendency" that does not rise to the level of "likelihood."  Even assuming that RJD fails to provide adequate housing to "out to court" prisoners, Plaintiff has not demonstrated that the alleged injuries will be "irreparable."  As Plaintiff has failed to establish a necessary element for the Court to grant the requested injunctive relief, the Court must deny Plaintiff's *ex parte* request.

IV.   Conclusion

Based on the foregoing, the Court DENIES Plaintiff's *ex parte* request.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-0460 PSG (FFMx) | Date | May 10, 2010 |
|---|---|---|---|
| Title | John W. Williams v. Warden F. B. Haws *et al.* | | |

**IT IS SO ORDERED.**